J-A10034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MUAYD B. NASIR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REBEKAH MONTGOMERY | : | |
| | : | |
| Appellant | : | No. 846 EDA 2025 |
| | : | |

Appeal from the Judgment Entered March 20, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2022-002759

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 20, 2026**

Rebekah Montgomery appeals **_pro se_** from the March 20, 2025 judgment entered following the August 14, 2024 non-jury verdict in favor of Appellee, Muayd B. Nasir, in the amount of $20,543.28 in this landlord-tenant dispute.  For the reasons set forth below, we find that Appellant is not entitled to relief and, accordingly, affirm the judgment of the trial court.

A detailed recitation of the facts is not relevant to our disposition and need not be reiterated here.  The trial court summarized the procedural history of this case as follows:

> Tenant, [Appellant] entered into a lease with landlord, [Appellee,] to rent property located at 2206 Lynn Blvd., Drexel Hill, PA 19026.

_____

[*] Former Justice specially assigned to the Superior Court.

As a result of nonpayment of rent, [Appellee] instituted a lawsuit against [Appellant] and a hearing before a Magisterial District Judge occurred on April 19, 2022. The result of the hearing was judgment in favor of [Appellee] and against [Appellant] in the total amount of $1,647.51. A monthly supersedeas rental amount was established at $1,500.00, [Appellee] was also awarded possession of the subject premises and [Appellant] was not permitted to satisfy an order for possession and avoid eviction by paying the rent in arrears and the costs of the District Court proceedings.

[Appellant] filed a timely appeal with the Court of Common Pleas on April 22, 2022; however, the docket reflects that [Appellant] made only the required supersedeas payments through August 23, 2022. On December 14, 2022, [Appellee] filed a Praecipe for Termination for nonpayment of supersedeas.

On December 19, 2022, [Appellant] filed an Emergency Petition to Stay Eviction and by Order dated December 20, 2022, an emergency stay of all eviction proceedings was entered until the court could hold a hearing on said Petition. Following hearing on January 13, 2023, the trial court entered an Order on January 17, 2024 denying the Emergency Petition but extending the stay of eviction through February 12, 2023, only. [Appellant] attempted to appeal the January 13, 2023 Order; however, the Pennsylvania Superior Court quashed said appeal by Order dated March 15, 2023.

The matter proceeded to arbitration in the Court of Common Pleas on the money judgment only and by Report and Award of Arbitrators dated November 16, 2023, judgment was entered in favor of [Appellee] and against [Appellant] in the total amount of $13,299.83. [Appellant] filed a timely appeal.

By Order dated April 26, 2024, a non-jury trial was scheduled for August 13, 2024. Following the non-jury trial, a decision issued on August 14, 2024, whereby the trial court entered judgment in favor of [Appellee]

and against [Appellant] in the total amount of $20,543.28. [Appellant] filed an appeal to the Pennsylvania Superior Court.

By Order dated December 9, 2024, the Pennsylvania Superior Court quashed the appeal noting that an entry of judgment was erroneously entered of record before the expiration of the ten (10) day period for filing post-trial motions. As such, the Superior Court afforded [Appellant] ten (10) days from the date of entry of the December 9, 2024 Order on the Delaware County Court of Common Pleas docket to file any post-trial motions. The December 9, 2024 Superior Court Order was docketed on January 27, 2025 and [Appellant] timely filed a "Request for Motion Post-Trail(sic)" on January 28, 2025. By Order dated March 4, 2025, said Motion was denied and the instant appeal was filed.

Trial court opinion, 4/8/25 at 1-4 (citations omitted).[1]

Appellant raises the following issues for our review:

1. Did the trial court err in denying reconsideration when [Appellee] rented the property without a valid rental license in violation of municipal code?

2. Was the lease agreement void ab initio due to [Appellee's] lack of licensure?

3. Did the trial court overlook critical evidence showing habitability violations and tenant rights abuse?

Appellant's brief at 4.

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b), but did issue an opinion on April 8, 2025.

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether she has properly preserved her claims for appellate review.

Parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. **Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted).

This Court has long recognized that "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa.Super. 2018) (citation, internal quotation marks, and brackets omitted), **appeal denied**, 199 A.3d 340 (Pa. 2018). "[A]rguments which are not appropriately developed are waived." **Egan v. USI Mid-Atl., Inc.**, 92 A.3d 1, 17 (Pa.Super. 2014) (citation omitted). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." **Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.**, 959 A.2d 438, 444 (Pa. Super. 2008) (citation omitted), **appeal denied**, 972 A.2d 522 (Pa. 2009); **see also See McEwing v. Lititz Mut. Ins. Co**., 77 A.3d 639, 647 (Pa.Super. 2013) (stating, "where an appellate brief fails to

- 4 -

provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

Here, our review reveals that Appellant's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Significantly, the claims raised in Appellant's brief are woefully underdeveloped and fail to include a single pinpoint citation to any case law, in violation of Rules 2119(a) and (b). On the contrary, Appellant's 1¼-page "Argument" section is comprised of only 9 conclusory sentences and fails to conduct any meaningful discussion and analysis of the legal authority she reference and how it is applicable to his case, in direct violation of Rule 2119(a). *See* Appellant's brief at 9-10; *see also* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Additionally, the "Statement of the Case" in Appellant's brief is completely devoid of any citations or references to the record, in violation of Rules 2119(b) and (c). *See* Appellant's brief at 5-6.

Based on the foregoing, we find all of Appellant's issues waived. In reaching this decision, we note "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-252 (Pa.Super. 2013) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). On the contrary, "any person choosing to represent himself

in a legal proceeding must . . . assume that his lack of expertise and legal training will be his undoing." **Wilkins v. Marsico**, 903 A.2d 1281, 1285 (Pa.Super. 2006) (citation omitted), **appeal denied**, 918 A.2d 747 (Pa. 2007).[2]

Accordingly, we affirm the March 20, 2025 judgment entered in favor of Appellee.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/20/2026

_____

[2] In light of the fact that this case proceeded to oral argument, we note that even if this Court would attempt a liberal construction of Appellant's **pro se** brief, she still would not be entitled to relief on her claims. We agree with the trial court that record establishes that Appellant offered no testimony or competent evidence at trial to support her contention that Appellee did not possess a rental license nor violated municipal codes. **See** trial court opinion, 4/8/25 at 4-6. We further agree that the record demonstrates that the trial court properly weighed all of the evidence presented and concluded that Appellee did not violate any rental licensing or habitability requirements. **Id.** at 6-8.